Commonwealth *v.* Wilde.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

---

## COMMONWEALTH *vs.* VIRGIL H. WILDE.

A person may be found guilty of larceny of a chattel upon proof of the following facts: He went into a shop, and asked to buy the chattel, and was referred by the clerk to the shopkeeper, who refused to let him have it except upon his father's order; and he afterwards, without having obtained such order, and in the absence of the shopkeeper, asked to see the chattel and it was shown him by the clerk, and he took it from the counter, told the clerk that he had made it all right with the shopkeeper, and carried away the chattel.

INDICTMENT for larceny of a pair of pantaloons, the property of Brown & Crossman, from their shop in Taunton.

At the trial in the court of common pleas, Crossman testified that on the 16th of May last the defendant came into the shop and looked at a pair of pantaloons, and asked Crossman to let him have a pair and trust him, but Crossman refused; that he then asked if he would let him have a pair, and charge them to his father, but Crossman told him that he would not unless he brought his father's order; that Charles N. Mitchell was their salesman, and authorized to sell and deliver goods from their store. Mitchell testified that the defendant came into the shop on the 16th of May, and asked if he could get a pair of pantaloons there, and the witness told him to ask Crossman, who was in the back shop; that the defendant went into the back shop, and talked with Crossman, out of hearing of the witness; and then went out, and in about a quarter of an hour came back, and asked to see the pantaloons which he had been looking at, and the witness showed them to him, and threw them on the counter, and, while attending to another customer, saw the defendant take them and fold them up, and the defendant said he had made it all right with Crossman, put them under his coat and went out; that the witness supposed it was all right, and that he had made it all right with Crossman, and therefore made no objection to his taking the pantaloons.

The defendant contended that the facts above stated were not sufficient to constitute the crime of larceny. But *Sanger,* J. instructed the jury that this testimony, if believed, was sufficient to warrant a verdict of guilty; and the defendant being convicted, the judge reported the case to this court.

*C. I. Reed,* for the defendant. The facts proved are not sufficient in law to constitute larceny; but a case of obtaining goods under false pretences; for the goods were not obtained by the defendant without the intent of the owner to part with the property in them, but by imposing upon and inducing the owner, or the person authorized by the owner, to part with the property. It is as if the defendant had told the salesman that Crossman had said he would trust him with the goods. Rosc. Crim. Ev. (3d ed.) 607, 614. *Rex* v. *Harvey,* 2 East P. C. 669. *Rex* v *Parks,* 2 East P. C. 671.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

DEWEY, J. The case, as presented in the report of the evidence, well warranted a verdict of larceny against the defendant. Upon the facts shown, there was no intention on the part of the owner of this property to part with his property. Nor was there any actual transfer by any body. The clerk in the shop had referred the defendant to Crossman, the owner, and the owner had directly refused to sell him the pantaloons except upon his father's order, which was not obtained. At the second interview, the article was not sold to him by the clerk, nor delivered to him as a vendee, nor was he for a moment vested with the right of possession of it, as against Crossman. Nothing then occurred to show any such intended sale. The defendant feloniously took possession of the article, and carried it away. His falsely saying that he had made it right with Crossman, and thus preventing the clerk from interfering with his actually carrying into effect the removal from the shop of goods which he then had in his possession without right or authority, will not make the case less one of larceny. *Regina* v. *Robins,* 6 Cox C. C. 420.                                    *Exceptions overruled*